UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH COOPER-BLACK and RASHON BLACK,**<br><br>Plaintiffs,<br><br>v.<br><br>**JACK E. KIRKSEY LIVONIA COMMUNITY RECREATION, LIVONIA POLICE DEPARTMENT, CITY OF LIVONIA,**<br><br>Defendants. | 2:24-CV-12799-TGB-DRG<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF NO. 4);**<br><br>**AND DISMISSING COMPLAINT** |

Plaintiffs Kenneth Cooper-Black and Rashon Black ("Plaintiffs") sued the Jack E. Kirksey Livonia Recreation Center, the Livonia Police Department, and the City of Livonia ("Defendants"). ECF No. 1. But their lawsuit should be in state court, not federal court.

This lawsuit arises from an incident where, as alleged, a visitor at the Jack E. Kirksey Livonia Recreation Center ("the Recreation Center") punched Plaintiff Cooper-Black in the face while yelling racial slurs at him. ECF No. 1, PageID.6-7. Plaintiffs allege that Defendants violated 28 U.S.C. § 1983 by unlawfully allowing this attack to take place. Plaintiffs also make other claims related to this incident.

Plaintiffs request permission to proceed in this lawsuit in forma pauperis, that is, without prepaying the filing fees that would ordinarily

apply. ECF No. 4. For the reasons explained below, Plaintiffs' request to proceed without prepaying fees will be **GRANTED**, but Plaintiffs' complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. The complaint will be dismissed **WITHOUT PREJUDICE** to Plaintiffs filing an amended complaint naming the appropriate defendants and further developing their allegations.

## I. LEGAL STANDARD

The Court may authorize a person to file suit without prepaying the filing fees if that person submits an affidavit demonstrating that they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Once an in forma pauperis complaint has been filed, the Court must review it to ensure that it states a plausible claim for relief, is not frivolous or malicious, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

If the complaint fails any of these requirements, the court must dismiss it. *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997). However, the court has discretion to permit a plaintiff to amend the complaint, even when the complaint is subject to dismissal under the screening requirements for suits in forma pauperis. Fed. R. Civ. P. 15(a); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege that: (1) the defendant acted under color of state law; and (2) the

2

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). But such complaints must still comply with Federal Rule of Civil Procedure 8(a), which requires both a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8(a) "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); (internal quotations removed, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. DISCUSSION

**A. Plaintiffs may proceed without prepaying the filing fee.**

The Supreme Court has held that an affidavit supporting an application to proceed in forma pauperis is sufficient if it establishes that the applicant cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). And the Supreme Court has been clear that an individual does not need to be "absolutely destitute" to enjoy the benefits of the statute. *Id*. The decision to grant or deny an application lies within the discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In their application to proceed without prepaying fees or costs, Plaintiffs (who are mother and dependent son) indicate that they receive

3

a total of $1439 in disability, insurance, and Medicare benefits per month. ECF No. 4, PageID.35. Plaintiffs' obligations total $2520 per month, and Plaintiffs only make ends meet with the support of friends and family. *Id.* at PageID.36. The Court concludes that Plaintiffs' affidavit is sufficient to show that they have limited financial means. Their financial situation appears such that they would either need to abandon their claim or borrow a substantial sum to proceed with their case. Accordingly, the Court will grant the application and allow Plaintiffs' complaint to be filed without prepaying the fees and costs that would otherwise apply.

### B. Plaintiffs' complaint will be dismissed for failure to state a claim upon which relief may be granted.

#### 1. Plaintiffs' state law allegations

Plaintiffs allege that on June 8, 2023, Plaintiff Kenneth Cooper-Black, thirteen, was walking on a stairway at the Recreation Center when an individual named Moeez Irfan, twenty-nine, "bumped into [Cooper-Black] as they passed on a stairway, subsequently yelling racial slurs and striking [Cooper-Black] multiple times in the head." ECF No. 1, PageID.6-7. Plaintiffs allege that "[a]t the time of the assault, there were no security personnel present at [the Recreation Center], nor did any employees or other adults present intervene to assist . . . Cooper-Black. *Id.* at PageID.7.

4

Plaintiffs allege that the City of Livonia and the Livonia Police Department knew that Irfan had a violent criminal record, but let him visit the Recreation Center anyway. *Id.* Plaintiffs allege that when Rashon Black, Cooper-Black's mother, arrived at the Recreation Center, Irfan—then speaking with the police—directed racial slurs at Black, and attempted to flee the scene. *Id.* at PageID.7-8.

Plaintiffs make the following claims against Defendants which arise from the above events:

Count One is "Negligence." *Id.* at PageID.9-11. Count Two is "Gross Negligence." *Id.* at PageID.12-14. Count Three is "Negligent Supervision." *Id.* at PageID.14-16. Count Four is "Premises Liability." *Id.* at PageID.16-18. Count Six is "Negligent Infliction of Emotional Distress." *Id.* at PageID.20-23. Count Eight is "Failure to Warn." *Id.* at PageID.26-28. Count Nine is "Failure to Train and Supervise." *Id.* at PageID.28-31.

All of these claims, in effect, state that Defendants had a responsibility to prevent Irfan from attacking Cooper-Black, or a responsibility to not allow Irfan to be in a position where he could attack Cooper-Black, and that Defendants' failure to fulfill those duties unlawfully injured Plaintiffs. *Id.* at PageID.9-18, PageID.20-23, PageID.26-31. However, none of these claims implicate federal law: these are state causes of action. Plaintiffs have not shown or explained why these claims implicate federal law in any way.

5

This is important because federal courts are courts of limited jurisdiction: they can only hear certain types of cases and under certain circumstances. *See* U.S. Const. art. III, § 2. Specifically, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts also have jurisdiction in so-called "diversity" cases, in which the amount in controversy exceeds $75,000, and the lawsuit is between parties who are (among other examples) citizens of different states. 28 U.S.C. § 1332. Finally, federal courts have jurisdiction where a claim does not involve a federal question or diversity, if the court *does* have jurisdiction over another claim in the case. 28 U.S.C. § 1367.

Here, none of Counts One, Two, Three, Four, Six, Eight, and Nine involve the Constitution, laws, or treaties of the United States. These are state law claims, not federal law claims. This means that the Court cannot review these claims under 28 U.S.C. § 1331. And this case is not between parties who are citizens of different states. Plaintiffs' attorney claims that "this Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties . . . ." ECF No. 1, PageID.5. But this is incorrect. In the next page of the Complaint, Plaintiffs' attorney writes that all of the parties reside in Michigan. *Id.* at 6. This means that all the parties are citizens of the same state: Michigan. Therefore, there is no complete diversity of citizenship

6

between the parties, and the Court does *not* have jurisdiction under 28 U.S.C. § 1332.

But there is still a way that these state law claims between parties from the same state could stay in federal court. This is through what is called supplemental jurisdiction. Supplemental jurisdiction allows a federal court to exercise jurisdiction over strictly state claims when they are accompanied by a similar federal law claim over which the Court has "federal question" jurisdiction. Count Seven of the Complaint alleges that Defendants violated 42 U.S.C. § 1983: the federal Civil Rights Act. ECF No. 1, PageID.23-28. If this claim were valid, then its presence in the case would allow the Court to hear Plaintiffs' other claims. Because Count Seven raises a question of federal law, the Court would have federal question jurisdiction over Count Seven. *See* 28 U.S.C. § 1331. Since Count Seven closely relates to Plaintiffs' state law claims, the Court would have supplemental jurisdiction over the state law claims, too. *See* 28 U.S.C. § 1367.

But, as will be explained, Count Seven does not state a claim upon which relief may be granted. Therefore, the Court lacks jurisdiction over Count Seven, which means that the Court lacks supplemental jurisdiction over Plaintiffs' state-law claims. The Court is forbidden by federal law from hearing them. *See* U.S. Const. art. III, § 2. For this reason, Counts One, Two, Three, Four, Six, Eight, and Nine are **DISMISSED WITHOUT PREJUDICE**.

Count Five is "Intentional Infliction of Emotional Distress." *Id.* at PageID.19-20. Count Five states that "Defendant . . . Irfan, without provocation, physically assaulted . . . Cooper-Black." *Id.* at PageID.19. "The conduct was extreme and outrageous." *Id.* However, Irfan is not a defendant in this action. As such, the Court **DISMISSES** this claim **WITHOUT PREJUDICE**: Plaintiffs fail to state a claim against the named Defendants on which relief could be granted. *See* 28 U.S.C. § 1915(e). The Court cannot grant relief against someone who is not a party to the case.

> **2. The Recreation Center and the Livonia Police Department are not proper defendants, but the City of Livonia is.**

Under 42 U.S.C. § 1983, a plaintiff may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." But a plaintiff may not sue city agencies like the Recreation Center and the Livonia Police Department as *separate* defendants for purposes of a 42 U.S.C. § 1983 claim, as Plaintiffs did here. The reason for is that the Recreation Center and the Livonia Police Department are agents of the City of Livonia, such that they are "subsumed" within the City as the proper municipal entity to sue under 42 U.S.C. § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 772 n.4 (6th Cir. 2017); *Laise v. City of Utica,* 970 F. Supp. 605, 608 (E.D. Mich. 1997) (Gadola, J.); *Pierzynowski v. Police Dep't. City of*

8

*Detroit,* 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996) (Gadola, J.). Therefore, the City of Livonia is the proper defendant, but the Recreation Center and the Livonia Police Department are not.

However, courts can construe a civil rights complaint against a city agency as naming the City itself as defendant. *See, e.g.*, *Pierzynowski*, 941 F. Supp. at 637 n.4. But even if the Court were to read Plaintiffs' complaint as effectively naming the City of Livonia as the sole defendant, the present complaint is still defective for failing to state a claim upon which relief can be granted, as explained below.

    **3.    The complaint fails to allege sufficient facts to state a claim upon which relief under 42 U.S.C. § 1983 can be granted.**

A city or municipality like Livonia cannot be liable under 42 U.S.C. § 1983 absent an "underlying constitutional violation by its officers." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004). Specifically, a plaintiff who sues a city under 42 U.S.C. § 1983 must establish that a government *policy or custom* caused, and was the "moving force" behind, the alleged constitutional violation. *Sova v. City of Mount Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Monell v. Dep't. of Social Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiffs argue that "[the] actions and omissions of the Defendants show a pattern of behavior that suggests a policy and practice of neglecting the safety and civil rights of Black individuals, as supported by the statistical evidence of racial disparities in arrests and the

9

historical context of racial tensions in the City of Livonia." ECF No. 1, PageID.25. But Plaintiffs only describe the incident in which Irfan attacked Cooper-Black and insulted Black. A single incident of unconstitutional activity is not enough to establish a government policy, practice, or custom sufficient to render a municipality liable for damages under 42 U.S.C. § 1983. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985); *Hooper v. City of Detroit*, 50 F. Supp. 2d 689, 691 (E.D. Mich. 1999) (Gadola, J.); *Sewell by Sewell v. Van Buren Twp. Police Dep't.,* 806 F. Supp. 1315, 1321 (E.D. Mich. 1992) (Gadola, J.). Moreover, "statistical evidence of racial disparities in *arrests*" is not probative of whether City recreation employees or the police failed to prevent an individual with an alleged history of violence from visiting a community center. And "the historical context of racial tensions in the City of Livonia" is not probative of whether there are any unlawful government *policies* at issue.

Because Plaintiffs' complaint only describes one incident of potentially unconstitutional activity, Plaintiffs have failed to allege sufficient facts to show that the City of Livonia has a policy, practice, or custom which encourages or allows its police officers and other employees to behave unlawfully in relation to the Recreation Center.

Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' complaint for failure to state a claim upon which relief can be granted against the City of Livonia, pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained earlier, this results in the dismissal of

Plaintiffs' other Counts for state law relief: without the Section 1983 federal claim, the Court lacks supplemental jurisdiction over Plaintiffs' state claims.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' application to proceed in forma pauperis (ECF No. 4) is **GRANTED**. The Complaint (ECF No. 1), however, is **DISMISSED** for failing to state a claim upon which relief can be granted. The dismissal is without prejudice to Plaintiffs filing an amended complaint naming the appropriate defendants and adequately alleging sufficient facts which, if true, could provide a basis for holding the City of Livonia liable for their injuries.

**SO ORDERED.**

Dated: April 10, 2025   /s/Terrence G. Berg
　　　　　　　　　　　　　　HON. TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE